HÉCTOR RAMOS MIMOSO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, JOSÉ M. CALDERÓN, JR., JUDGE, Respondent.

No. C-65-137.     Decided June 3, 1966.

*H. Ramos Mimoso, pro se.*

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Rigau, and Mr. Justice Dávila.

Mr. Justice Rigau delivered the opinion of the Court.

This proceeding raises the question of whether a pignoration of funds deposited in a bank, made by the depositor in favor of the bank, by virtue of a private document not authenticated before a notary, may operate against a third party who has not been a party in the contract of pledge.

In an action for damages the plaintiff, Héctor Ramos Mimoso, obtained a judgment against defendant José Collazo López. To secure the effectiveness of the judgment the plaintiff attached the amount of $2,725.59 from funds the defendant had in deposit at the Banco Popular, in San Juan. The intervener, Banco Popular, alleged that those moneys were pignorated in guarantee of a loan that said Bank had granted to Collazo. As proof of its allegation the Bank presented in evidence a promissory note subscribed by Collazo and two letters of pignoration, entitled "Letters of Authorization," addressed to the Bank and signed by Collazo.

Two additional details must be mentioned because they are relevant to the case. One is that neither the letters of authorization nor the note (a photostatic copy of which appears in the record) are subscribed before a notary. The other detail we wish to set forth is the chronological order in which the incidents and documents in question were produced. It is not necessary to give dates. It suffices to say that they took place in the following order: (1) Judgment of the Superior Court against Collazo; (2) note and first letter of pignoration; (3) attachment of the funds; (4) third-party complaint; and (5) second letter of pignoration.

The letters of pignoration include several deposit certificates and a savings account No. 88643. The first letter of pignoration is for $31,662.81 and the second for $29,362.81. In the second, which was drafted for the purpose of substituting the first one, it is stated that the Bank "returned"

(we presume to Collazo, depositor and defendant) a savings certificate for $2,300.

By virtue of its Order of November 8, 1965 the Superior Court, San Juan Part, sustained the Banco Popular's third-party complaint and ordered the restitution to the Bank of the funds attached. That Order is the object of this writ of certiorari.

The state of the law is favorable to the petitioner-plaintiff and adverse to the intervener. We shall explain below.

After setting forth the provisions common to the contracts of pledge and mortgage, the Civil Code goes on to establish immediately the specific prescriptions relating to the contract of pledge. Sections 1762–1772; 31 L.P.R.A. §§ 5021–5031. These sections have, as it may be expected, the corresponding ones in the Spanish Civil Code, predecessor of ours. Sections 1863–1873.

In the chapter devoted especially to the contract of pledge, the Code, after establishing the requirements for said contract (§ 1762) and stating which things can be given in pledge (§ 1763), immediately provides that "A pledge shall not be effective against a third person, when evidence of its date is not shown by authentic documents." Section 1764; 31 L.P.R.A. § 5023. The corresponding article of the Spanish Code (§ 1865) provides that "No pledge shall be effective as against a third person unless evidence of its date appears in a public instrument."

■■ It should be noted that while the Spanish Code requires that for the pledge to be effective against a third person the evidence of its date must appear in a public instrument, the Puerto Rican Code only requires for the same purposes that the evidence of the date be shown by authentic document. The authentic document is not a mere private writing. An authentic document is a legalized document, which is publicly attested, which is legally valid by itself. I *Diccionario de Derecho Privado* 1613 (1954). A docu-

ment verified before a notary is an authentic document. *Bonilla v. Santiago*, 30 P.R.R. 229, 231 (1922). Our positive law provides the following on the matter:

"By affidavit or declaration of authenticity is meant the act and the document by means of which a notary or any other of the officers designated by sections 887–895 of this title certifies to, or witnesses the truth or recognition of a signature, an oath, or any other fact or contract affecting real or personal property not made in a public instrument."—4 L.P.R.A. § 887.

Although it is not applicable to the case at bar, because we are not dealing here with the mortgage law, nevertheless the following provision of Art. 51 of the Mortgage Law Regulation, 30 L.P.R.A. § 881, sheds light on the nature of the authentic document.

"Authentic documents for the purposes of the law shall be considered those which serving as title deeds for the ownership or property right, may be issued by the Government or by an authority or official of competent jurisdiction to issue the same, and which constitute prima facie evidence."

The pledge, as we know, is not a contract of formal constitution.[1] For its existence it suffices that it has been negotiated in any licit manner and that it complies with the intrinsic requirements that the Code establishes (§ 1762); it can even be constituted verbally, and it would be binding on the parties. What happens is that in order that it be effective against third parties, the evidence of its date should appear by authentic document. This slight requirement of formality, in order that it be effective against third parties, is based on the purpose of preventing the simulation by a debtor of secured credits to the prejudice and in fraud of his third-party creditors. This concern of the Code to avoid the simulation of secured credits is of importance because

---

[1] The Spanish word *prenda* is derived from the Latin verb *prehendere* which means to seize, to grasp, to hold a thing. 2-II Castán, *Derecho Civil Español, Común y Foral* 381 (10th ed. 1965).

this kind of credit enjoys, by virtue of the law, great preference. It should be remembered that the credits which enjoy preference with relation to specific personal property exclude all the others and if two or more preferred credits concur with regard to certain personal property the secured credits exclude all others to the extent of the value of the thing given in pledge. Section 1826 of the Civil Code, 31 L.P.R.A. § 5211.

■ Commentators agree on that, as we said, the requirement that the date of the pledge of contract be set forth by authentic document or by public instrument is based on the purpose of preventing the simulation of secured credits in prejudice and fraud of third parties. Naturally, "third parties in this aspect shall be all those who did not take part in the contract of pledge." 29 Scaevola, *Código Civil* 355 (1955). Let us see what some prominent commentators have written on the subject.

Manresa: "In view of the effects of the contract of pledge it may be easily understood that without that guarantee required by law[2] it could happen that a debtor, acting with bad faith upon seeing his personal property in danger of execution would attempt to protect them from the action of justice and from the persecution of his creditors, simulating with prior criminal confabulations, and fraudulent alterations in his possession by means of simulated contracts of this nature; and for the purpose of preventing such abuses, almost all of the foreign writers advised that in order for the pledge to be effective it would be required as precise condition that in all cases the contract be executed by public instrument, because, otherwise, it would be difficult to determine its date, and still more difficult its proof, even if it had been executed before witnesses on account of the difficulty to be encountered to find those before whom it took place."

"Our Code has not gone so far, for it does not require in an express manner that in all cases the contract of pledge be constituted or executed by public instrument, nor even by pri-

---

[2] Section 1865 Spanish Civil Code; § 1764 Civil Code of Puerto Rico, 31 L.P.R.A. § 5023.

vate document, but only the evidence of the date in the first of that kind of instruments for it to be effective against a third party. . . ." XII *Comentarios al Código Civil Español* 430–431 (5th ed. 1951).

Scaevola: "The contract of pledge *inter partes* is validly constituted by the assent of the parties and the delivery of the thing to the creditor or to the third party chosen by common agreement. The question varies when the pledge is meant to transcend to third parties. Third parties in this aspect shall be all those who did not take part in the contract of pledge. . . ."

"The civil law has contemplated the premise that the debtor may take from his patrimony certain property, giving it in pledge with the preference indicated by the Code when it provides for the concurrence and preference of credits all to the prejudice of the legitimate creditors, and for greater security it has understood, with very good judgment, that the pledge not constituted by public deed, when there are third parties, is as if it did not exist, as if it had never been executed. That pledge in a private document or in any other manner different from the notarial, shall bind the parties, but is nonexistent regarding third parties, for whom it constitutes a *res inter alios* that *nec nocet nec prodest*."—29 *Código Civil* 354–355, 356 (1955).

Bonet Ramón: "The ordinary pledge may be constituted in any manner, except as provided with general character in § 1.280. But in order to prevent the simulation of secured credits by the debtor, in prejudice and fraud of the third-party creditors, it is required that evidence of the date be set forth in a public instrument, if it is going to be effective against them."— *Código Civil Comentado* 1467 (1962).

Castán: "The regular pledge may be constituted in any manner, except as provided with general character in § 1.280. But in order to be effective against a third party the date must be set forth by public instrument (§ 1.865). The purpose of this provision, new in our legislation, is to prevent the simulation of secured credits by the debtor, in prejudice and fraud of the third-party creditors, who would thus see curtailed their rights over all of the former's patrimony."—2-II *Derecho Civil Español, Común y Foral* 385 (10th ed. 1965).

In the same sense see III Puig Brutau, *Fundamentos de Derecho Civil* 542–543 (1953).

The broad dictum, appearing in *Commercial Credit Co.* v. *Soto*, 41 P.R.R. 406, 407 (1930) (Wolf), in the sense that "an attaching creditor is not a third person within the meaning of the law" can neither be taken literally nor applied to all cases. There are occasions in which it would not be conceivably applicable but there are occasions in which it is, as in the case at bar. Here, the plaintiff, attaching creditor, was not a party in the contract of pledge negotiated between his debtor Collazo and the Banco Popular, and therefore he is a third party.

Commenting a situation similar to that in the case at bar, Puig Brutau writes:

"However, the thing given in pledge does not cease to be part of the patrimony of the debtor, then, pursuant to § 1.911, it guarantees all his present and future debts. Therefore, when an attachment is levied—for example—on something belonging to the debtor which is in possession of a third person, and on which there allegedly exists a property right of pledge which has been constituted in disregard of § 1.865, there is no doubt that the invocation of this property right cannot prevail."—*Op. cit. supra* at 543.

As it is known the Civil Code provides that the person who is bound to give security may give in pledge sufficient property to cover his obligation. Section 1754; 31 L.P.R.A. § 4972. In *In re García Ducós*, 56 P.R.R. 42, 44 (1940), the following situation arose. The Bar Association wanted to deliver in pledge, in the Office of the Secretary of this Court, to guarantee a bond, United States bonds in the amount of $25,000. On that occasion this Court, aware of the fact that an attachment could leave it without the pledge, stated the following through its then Chief Justice Del Toro.

"Now, we think that in order to place the security beyond the risks of an attachment by somebody with a claim against the Bar and to fully apply the same to secure bonds furnished by notaries for the practice of their profession, instead of the bonds being deposited with the secretary of this court they

should be given in pledge by means of a public deed and deposited with the treasurer of Puerto Rico, (sec. 1764 of the Civil Code, 1930 ed., and sec. 91 of the Political Code). Said deed must clearly state the obligations incurred by the Bar and its consent as to the bonds given as a pledge, being answerable at all times for any damages resulting from any act or omission on the part of notaries who have furnished bonds for practicing their profession."

Hence, in view of the clear and definite terms of the aforecited § 1764 of our Civil Code which makes it mandatory that the pledge shall not be effective against a third person, when evidence of its date is not shown by authentic document, we are forced to conclude that the pledge constituted by the aforementioned letters of authorization, even though binding on the parties which constituted it, is not effective against the petitioner-plaintiff herein.

Although it is not necessary to pass upon the good or bad faith which might have existed in writing the letters of pignoration, it should be kept in mind that the Civil Code provides that alienations for valuable considerations made by persons against whom a condemnatory judgment has been rendered or a writ of seizure has been issued shall be presumed to be executed in fraud of creditors. Section 1249; 31 L.P.R.A. § 3498.

The order of November 8, 1965 of the Superior Court, San Juan Part, on which this suit is based, shall be set aside, and the third-party complaint shall be dismissed.